| UNITED STATES DISTRICT COURT | | C/M |
|---|---|---|
| EASTERN DISTRICT OF NEW YORK | | |

```
---------------------------------------------------------- X
                                                           :
PEGGY HARLEY, PAMELA-Y: HARLEY:                            :
EL-BEY, et al.,¹                                           :   MEMORANDUM & ORDER
                                                           :
                              Plaintiff,                   :   19-cv-6152 (BMC)(LB)
                                                           :
            - against -                                    :
                                                           :
EDWARD F. GUIDA, JR., in his individual                    :
capacity; JOYCE TSENG, of NYCHA (in her                    :
individual capacity); HSUI TSENG, of                       :
NYCHA (in her individual capacity); CITY                   :
MARSHAL EDWARD GUIDA                                       :
INCORPORATED; MARSHAL CITY OF                              :
NEW YORK BADGE #14                                         :
INCORPORATED; OFFICER MURN, PSA                            :
9 Badge # 24085; OFFICER MALIK, Badge                      :
# 7799; JANE DOES; JOHN DOES; NEW                          :
YORK CITY HOUSING AUTHORITY                                :
(NYCHA); and NEW YORK CITY POLICE                          :
DEPARTMENT (NYPD),                                         :
                                                           :
                              Defendants.                  :
---------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff Peggy Harley filed the above-captioned *pro se* civil action on October 28, 2019. On November 18, 2019, plaintiff filed a separate Order to Show Cause for Preliminary Injunction and Temporary Restraining Order "enjoining the defendants during the pendency of this action from going near and entering into the premises of plaintiff's apartment."² In an attached Affirmation, plaintiff asserts: "I will suffer immediate and irreparable injury, loss and damage in that my family is faced with an illegal eviction."

---

[1] Although the caption contains several names, only one plaintiff, Peggy Harley, signed the complaint.

[2] The November 18, 2019 submission includes the Motion, an Affirmation, multiple exhibits, and an Affirmation of Service.

Plaintiff has not presented any jurisdictional grounds under which this Court could prevent NYCHA employees, New York City police officers, or even the City Marshal from legally entering plaintiff's apartment for legitimate reasons.

Namely, to the extent plaintiff seeks to challenge an eviction, this Court cannot intervene in a pending or past eviction proceeding. "Federal courts do not have subject-matter jurisdiction over landlord-tenant matters." Rosquist v. St. Marks Realty Assoc., LLC, 08-cv-2764, 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing cases). See also Southerland v. NYCHA, 10-cv-5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing wrongful eviction claim against NYCHA); Galland v. Margules, 05-cv-5639, 2005 WL 1981568, at *2 (S.D.N.Y. Aug. 17, 2005) ("[T]his Court does not have federal question subject matter jurisdiction over plaintiff's housing law claims, even when such claims are dressed in the garb of constitutional claims." (citing Vill. of Millbrook v. Forrest, 903 F. Supp. 599, 600 (S.D.N.Y. 1995)), aff'd, 191 F. App'x 23 (2d Cir. 2006). Accordingly, plaintiff cannot raise landlord-tenant concerns or challenge eviction proceedings in federal court.

Thus, the Court cannot find plaintiff's request for injunctive relief demonstrates a likelihood of success on the merits. See Green Party of New York State v. New York State Bd. of Elections, 389 F.3d 411, 418 (2d Cir. 2004) (A party seeking a preliminary injunction must establish irreparable harm and either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in its favor.)

For these reasons, plaintiff's request for preliminary injunctive relief is denied at this time. The Court will continue to review the Complaint.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
November 20, 2019