```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

  PEGGY HARLEY,

                       Plaintiff,                    MEMORANDUM & ORDER
                                                     19-CV-6152(EK)(MMH)

            -against-

  EDWARD F. GUIDA JR., in his
  individual capacity; MARY BRYANT-
  SMALLS; and FRANK GUINTO,

                       Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Peggy Harley, proceeding *pro se*, alleges that defendant Edward Guida, a New York City Housing Authority ("NYCHA") official, unlawfully entered her apartment with the assistance of two other officers. First Amended Compl. ("FAC"), ECF No. 8. She brings a Fourth Amendment claim under Section 1983, as well as various state-law claims against Guida and the two unnamed officers. She seeks $7,000,000 in damages. FAC § 4(A). Defendants sought to file a motion to dismiss, ECF No. 35, which I converted to a motion for summary judgment. ECF No. 38. Defendants moved for summary judgment, ECF No. 43, and Plaintiff did not oppose the motion. *See* ECF Nos. 42, 45. For the reasons that follow, Defendants' motion is GRANTED.

## I.   Background[1]

Plaintiff filed her amended complaint in October 2019. In July 2020, I granted Plaintiff's motion to proceed *in forma pauperis*. I dismissed parts of the complaint pursuant to 28 U.S.C § 1915(e), but allowed Plaintiff to proceed on certain claims against defendant Guida and the two other NYCHA officers (who were unnamed at the time).[2] Reading the complaint liberally, given that Ms. Harley is unrepresented, I construed the complaint to assert a Fourth Amendment claim, as well as state-claims for negligence, trespass, invasion of privacy, and intentional infliction of emotional distress. ECF No. 6, at 9, 14.[3]

Plaintiff and Defendants give similar accounts of what happened on April 17, 2019. It is undisputed that Guida and two other NYCHA employees entered Plaintiff's home – in a NYCHA building at 40-15 112th Street in Long Island City – with the

---

[1] The facts in this order are drawn from Plaintiff's complaint and Defendants' evidentiary submissions in support of its motion for summary judgment. The facts are viewed in the light most favorable to Plaintiff, the non-moving party. For convenience, Defendants' supporting memorandum of law will be referred to as "Def. Br." (ECF No. 41).

[2] The two unnamed officers were subsequently identified as Mary Bryant-Smalls and Frank Guinto. *See* ECF No. 17.

[3] On *in forma pauperis* review, I dismissed all claims against defendants Joyce Seng (a/k/a Hsui Tseng), Officer Murn, Officer Malik, the New York City Housing Authority, the New York City Police Department, "City Marshall Edward Guida Incorporated," and "Marshal City of New York Badge# 14 Incorporated." ECF No. 6. I also dismissed any claims for harassment and fraud against Guida. *Id.*

intention of evicting Plaintiff. FAC ¶¶ 2-4; Aff. of Edward Guida ("Guida Aff.") ¶¶ 8-9, ECF No. 41-1. As Guida entered the apartment, she told him he had no "legal right to be here" because she had a document from the bankruptcy court indicating that her eviction had been stayed. FAC ¶¶ 2-4. Guida acknowledges that upon entry, "Plaintiff informed [him] that she had obtained a stay of eviction from the bankruptcy court." Guida Aff. ¶ 9. It is also undisputed that when Plaintiff presented Guida with the document purportedly showing that her eviction had been stayed, Guida and the other NYCHA employees promptly left. *See id.* ¶ 9 (Plaintiff showed him a document which, "upon [his] initial glance[,] impeded [him] from carrying out the eviction," and he "promptly left"); FAC ¶ 5 (Plaintiff says Guida and the others "scurried away" when she showed them the document).

      The parties disagree about whether Guida had the authority to enter her apartment. The complaint alleges that Guida "did not have a Warrant or any form of legal authority to break and enter." FAC ¶ 6. After the defendants indicated (in their letter requesting a pre-motion conference, ECF No. 35) that Guida did, in fact, enter pursuant to a warrant, I converted the motion to dismiss into a summary judgment motion to allow for consideration of that warrant and any evidence the Plaintiff wished to submit in response. *See* ECF No. 38, at 2

3

("Because Defendant's motion will rely on 'matters outside of the pleadings' that the Court intends to consider, it must be treated as one for summary judgment under Rule 56.").

Guida submitted an affidavit noting that he was appointed as a Marshal for the City of New York in 2015, and in that capacity is responsible for enforcing eviction warrants. Guida Aff. ¶¶ 2, 5. Attached to his affidavit is a state-court eviction warrant, issued on February 1, 2017, "command[ing]" any marshal to "remove the respondents listed below," including plaintiff Peggy Harley, from Apt 6B at 40-15 12th St in Long Island City. Warrant of Eviction, Defs. Ex B, ECF No. 41-3 ("Warrant"). Defendants also submitted evidence that, prior to entering Plaintiff's home on April 17, Guida caused multiple *notices* of eviction to be served on Plaintiff and other residents of the property. *See* Notices of Eviction, Defs. Ex. C, ECF No. 41-4. Those notices of eviction specified that an eviction could occur any time on or after April 15, 2019. *Id.* Guida attests that after he left Plaintiff's home on April 17, he searched his records and found no record of a stay. Guida Aff. ¶ 9.

My order inviting summary judgment briefing invited Plaintiff to submit an "affidavit and/or and other documentation or evidence she believes raises an issue of fact" with respect to her claims. ECF No. 38, at 2. To date, the only evidence

4

Plaintiff submitted is a photo Plaintiff took of Guida in her apartment, holding what she says is the stay document she handed him at that time.  FAC 23.

Defendants filed their motion for summary judgment on August 20, 2021; Plaintiff did not respond.[4]

## II.  Legal Standard

Under Rule 12(d), if on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Because I converted Defendants' motion into a motion for summary judgment, I apply the standard set forth in Rule 56.

Summary judgment is appropriate when the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a).  "A fact is material for these purposes if it might affect the outcome of the suit under the governing law.  An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the

---

[4] Defendants asked me to deem their motion for summary judgment unopposed, given that Plaintiff did not respond by the deadline of September 20, 2021.  ECF No. 42.  Plaintiff submitted something on the docket, but it was not a substantive response to Defendants' motion.  Rather, she argued that Defendants' motion papers were deficient because they were signed electronically, as opposed to by hand.  ECF No. 43.  In light of Plaintiff's *pro se* status, I extended Plaintiff's time to respond to November 8, 2021.  I warned that no further extensions would be granted, and that if she did not respond the Court would deem Defendants' motion to be unopposed.  Plaintiff did not file anything.

nonmoving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001).[5] The moving party has the burden of demonstrating the absence of a dispute of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant carries its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). If the non-moving party fails to do so, the Court should grant summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

However, "Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). Before granting an unopposed motion, the Court must ensure that (1) the movant has met its burden of demonstrating that no genuine issues of material fact exist, and (2) the undisputed facts show that the moving party is entitled to judgment as a matter of law. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2004). In evaluating whether the movant has met this burden, the court "may not rely solely on the

---

[5] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, and internal quotation marks.

6

statement of undisputed facts contained in the moving party's Rule 56.1 statement," but rather "[i]t must be satisfied that the citation to evidence in the record supports the assertion." *Id.*[6]

### III. Discussion

Defendants argue that Guida is entitled to quasi-judicial immunity on Plaintiff's Fourth Amendment claim because he was executing a facially valid warrant when he entered Plaintiff's apartment. For the following reasons, summary judgment is GRANTED on Plaintiff's Fourth Amendment claim.

"[S]tate judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). "In addition, some officials who are not judges but who perform functions closely associated with the judicial process' have also been accorded such immunity." *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987). Quasi-judicial immunity extends to "those officials performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. Those tasks include discretionary acts directed by a judge." *Tornheim v. Eason*, 363

---

[6] Here, Defendants did not file a Rule 56.1 Statement of Undisputed Facts. This procedural error is not dispositive, however, as district courts have discretion in applying local rules, *see Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000), and courts have an obligation to review the record regardless of a party's 56.1 Statement. The facts I rely on in this order are undisputed.

7

F. Supp. 2d 674, 677 (S.D.N.Y. 2005), *aff'd*, 175 F. App'x 427 (2d Cir. 2006).  Quasi-judicial immunity is granted based on "functional categories, not the status of the defendant." *Briscoe*, 460 U.S. at 342.

Courts regularly grant quasi-judicial, absolute immunity to individuals executing court orders.  "[B]ecause the function being performed is deemed integral to the judicial process, persons who faithfully execute valid court orders are absolutely immune from liability for damages in actions challenging conduct authorized by the order." *Maldonado v. New York Cnty. Sheriff*, No. 5-CV-8377, 2006 WL 2588911, at *5 (S.D.N.Y. Sept. 6, 2006).  In *Maldonado*, the district court held that a sheriff executing a court order of eviction was entitled to quasi-judicial immunity.  *Id.*  That is the precise circumstance presented here.

Other officials, too, have been deemed integral to the judicial process and accorded immunity on that basis.  In *Dorman*, the Second Circuit held that federal probation officers who prepare presentence investigation reports are entitled to judicial immunity because they "act as an arm of the court" and their task is "an integral part of one of the most critical phases of the judicial process."  821 F.2d at 137. *See also Slotnick v. Garfinkle,* 632 F.2d 163, 166 (1st Cir. 1980) (per curiam) (granting immunity to court clerk who filled out

8

plaintiff's commitment papers, and the state hospital superintendent responsible for the plaintiff's commitment, because "[j]udicial immunity extends as well to those who carry out the orders of judges").

There is a caveat, however, to the general rule that officials are entitled to quasi-judicial immunity for executing court orders: the court order must be facially valid. "Most courts seem to agree that absolute quasi-judicial immunity should not extend to court officers enforcing judicial orders if either (1) the judge's order is facially invalid, or (2) the judge's order is not facially invalid, but the court officer exceeds the scope of that order or enforces it in an improper manner." *Levine v. Lawrence*, No. 3-cv-1694, 2005 WL 1412143, at *9 (E.D.N.Y. June 15, 2005). For example, some courts are reluctant to grant immunity where an official's conduct was not specifically ordered by the judge. *See, e.g., Richman v. Sheahan*, 270 F.3d 430, 436 (7th Cir. 2001) (officers not entitled to quasi-judicial immunity where, in response to a court order that a disruptive *pro se* litigant be "restrained," they attacked, forced to the floor, sat on, and handcuffed the litigant; such conduct was not "specifically directed" by the judge"); *Moss v. Williams*, No. 84-cv-3793, 1984 WL 1325, at *3 (S.D.N.Y. Dec. 11, 1984) (court security officers who allegedly arrested and assaulted plaintiff were not entitled to quasi-

9

judicial immunity because they did "not claim that any actions they may have taken were at the specific direction of a judge").

Where an official acts within the bounds of a facially valid court order, however, he has no obligation to independently research its validity; in fact, he has no authority to question its legality. "A sheriff is not empowered to review a facially valid court order; it is not within his scope of authority to question the legality of the provision in the Judgment." *Tornheim*, 363 F. Supp. 2d at 677; *see also, e.g.*, *Caporicci v. Nassau Cnty. Police Dep't*, No. 5-cv-5764, 2007 WL 764535, at *7 (E.D.N.Y. Mar. 6, 2007) ("As a Sheriff of Nassau County, Reilly is mandated by law to carry out orders of the court. When relying upon a facially valid warrant, a sheriff is afforded complete protection from liability for any proper act done in its execution.").

Here, Guida is entitled to quasi-judicial immunity because he was executing a facially valid eviction warrant when he entered Plaintiff's apartment. The warrant "command[ed]" him to evict residents of the home, including Plaintiff. Warrant. Plaintiff does not allege – nor is there any evidence, or even an allegation – that Guida did anything outside the bounds of the eviction warrant when he entered Plaintiff's apartment. And Guida had no reason to believe that the warrant was not valid; he averred that he never received notice of such a stay, and

10

never found a record of one. Guida Aff. ¶ 6. In fact, Plaintiff has presented no evidence a stay actually existed.

Even if there was a stay in place, Guida had no obligation to independently investigate the underlying validity of the warrant. This situation is akin to *Morris v. Katz*, where the plaintiff sued the marshal who evicted her, claiming that the eviction warrant was improperly issued because the state court never gave her notice of the eviction. No. 11-cv-3556, 2011 WL 3918965, at *4 (E.D.N.Y. Sept. 4, 2011). The court rejected plaintiff's argument and granted immunity to the marshal on the ground that the "marshal is not responsible for verifying the processes that precede the issuance of the warrant; he is responsible only for verifying its facial validity and, if facially valid, executing it." *Id.* Here, as in *Morris*, Guida acted within the scope of his authority in executing a warrant which, on its face, was valid. For these reasons, Guida is immune from suit, and Plaintiff's claim against him is dismissed.

**A.   Additional Defendants Not Served**

I also dismiss any claims against defendants Bryant-Smalls and Guinto, the two NYCHA officials who accompanied Guida into Plaintiff's apartment. As Magistrate Judge Bloom pointed out in an order dated May 6, 2021, the U.S. Marshal Service was unable to serve these defendants because Plaintiff did not

provide addresses for them. *See* ECF No. 33. Judge Bloom gave Plaintiff until June 2, 2021 to provide the Court with their proper service addresses, and warned that she would recommend dismissal if Plaintiff did not. *Id.* Plaintiff never provided proper service addresses, and those defendants were never served. Accordingly, any claims against Bryant-Smalls and Guinto are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**B.   Remaining State-Law Claims**

In addition to her Fourth Amendment claim, I allowed Plaintiff to proceed with state-law claims for negligence, trespass, invasion of privacy, and intentional infliction of emotional distress. Because I dismiss the Fourth Amendment claim — the sole basis for federal jurisdiction in this case — I decline to exercise supplemental jurisdiction over her remaining state-law claims. 28 U.S.C. § 1367(c)(3); *see also Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) ("[O]ur Court has held, as a general proposition, that if [all] federal claims are dismissed before trial, the state claims should be dismissed as well.").

**IV.   Conclusion**

For these reasons, I grant Defendants' motion for summary judgment. Plaintiff's Fourth Amendment claim against Guida is dismissed, and I decline to exercise supplemental

12

jurisdiction over her state-law claims.  I also dismiss, under Rule 4(m), any claims against defendants Bryant-Smalls and Guinto.  The Clerk of Court is respectfully directed to enter judgment and close the case.

       SO ORDERED.

                                /s/ Eric Komitee
                              ERIC KOMITEE
                              United States District Judge

Dated:    September 28, 2022
            Brooklyn, New York